# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JULIE ROGERS,

    Plaintiff,

v.                                                                                           CIV 18-0215 JCH/JHR

LOS LUNAS PUBLIC SCHOOLS,
ROBERT FERREYA, Individually and
in his official capacity, and
MELISSA MOORE, Individually and in
her official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint and Motion to Remand, filed on April 3, 2018 (the "Motion") (Doc. 5). Defendant filed its Response in Partial Opposition to the Motion on April 17, 2018 (Doc. 7). Plaintiff filed her Reply brief on May 1, 2018 (Doc. 14). Having thoroughly reviewed the parties' submissions and the relevant law, the Court finds that Plaintiff's Motion to Amend is well taken and is granted. The Court further uses its discretion to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for the reasons stated herein. As such, Plaintiff's Motion to Remand is also well taken and will be granted upon Plaintiff's filing of her Amended Complaint.

## BACKGROUND

This case originated from a complaint for personal injury filed on October 19, 2016, in state court in the Thirteenth Judicial District of New Mexico, under the title *Julie Rogers v. Los Lunas Public Schools*, D-1329-CV-2016-01568. Defendant Los Lunas Public Schools filed an Answer to the Complaint on December 5, 2016. (Doc. 3). The parties in the state court action

engaged in discovery over the next year, including taking Plaintiff's deposition. D-1329-CV-2015-01568 (Doc. 6-1). Los Lunas Public Schools filed a Motion for Partial Summary Judgment on October 2, 2017, in which it argues, *inter alia*, that Plaintiff's sole federal constitutional claim fails against it as a public entity, because Section 1983 affords no *respondeat superior* liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). (Doc. 6-1 at 31-71). After a hearing, the state court granted the motion in part and denied it in part on January 5, 2018. (Doc. 6-2 at 70-71). In the order, judgment was entered in favor of Defendant on Count I for False Charges, which included the sole federal constitutional claim in the Complaint, Count III, because there is no waiver of immunity under the New Mexico Torts Claims Act for intentional infliction of emotional distress, and Count VI for Punitive Damages. (*Id.*) Plaintiff moved to amend her Complaint in state court on December 4, 2017 to add two individual defendants, (*Id.* at 54-60), which the state court granted on February 15, 2018. (*Id.* at 83-84). Plaintiff filed the amended complaint on March 2, 2018. (*Id.* at 85-91).

The individual defendants filed a Notice of Removal on March 6, 2018. (Doc. 1). In the Notice of Removal, Defendants contend that the "Complaint is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because Rogers asserts federal constitutional claims against Defendants Ferreya and Moore in their individual and official capacities." (*Id.* at 2). Defendants then filed an Answer on March 15, 2018. (Doc. 3). The Court issued an Initial Scheduling Order, which was later vacated pursuant to Plaintiffs' unopposed motion on April 26, 2018. *See* (Doc. 4 [Initial Scheduling Order]; Doc. 12 [Motion to Vacate Initial Scheduling Order]; Doc. 13 [Order Granting Motion to Vacate]).

Prior to the Initial Scheduling Order being entered, on April 3, 2018, Plaintiff filed a Motion to Amend Complaint and Motion to Remand. (Doc. 5). Plaintiff contends that the

amended state court complaint only maintained a federal constitutional claim against the individual defendants by mistake, and seeks leave of the Court to amend the Complaint to withdraw the federal claim. (*Id.* at 2-3). Plaintiff filed her motion to amend only one month after the case was removed to federal court. This Court has taken no substantive action in this case thus far.

## LEGAL STANDARD

### A. Amendments of Pleadings

Under Fed. R. Civ. P. 15,

(1) [a] party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) …In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The purpose of Rule 15(a) is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). However, the Court may deny leave upon a showing of any of the following: "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### B. Remand and Supplemental Jurisdiction

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the

district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447 (2011). When a court has original jurisdiction over one claim, it also has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a court *may* decline to exercise supplemental jurisdiction over this type of claim if: "the claim raises a novel or complex issue of State law; [] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; [] the district court has dismissed all claims over which it has original jurisdiction; or [] in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c) (emphasis added).

## I. The Court grants leave for Plaintiff to amend her complaint, dismissing Plaintiff's federal claims.

Plaintiff seeks to amend her Complaint solely in order to withdraw a federal claim from her complaint after the case was removed to federal court based on that federal claim. It is well-established that "leave to amend should be freely granted." *McGoffin v. Sun Oil Co.*, 539 F.2d 1245, 1248 (10th Cir. 1976); Fed. R. Civ. P. 15(a)(2). However, this does not permit Plaintiff to "completely restructure his case because of difficulty encountered in satisfying jurisdictional requirements." *Id.* Defendants argue that Plaintiff's motive in seeking to amend the complaint to withdraw her federal claim is dilatory, because Plaintiff is seeking to avoid removal based on her federal claim. (Doc. 7 at 4-6). Nonetheless, Defendants do not oppose Plaintiff seeking to amend her Complaint, but rather request that the Court use its discretionary authority to exercise supplemental jurisdiction over Plaintiff's remaining state claims. (*Id.* at 3).

Allowing Plaintiff to amend her Complaint would not divest this Court of jurisdiction since jurisdiction is determined at the time the case is removed. *See Pfeiffer v. Hartford Fire Ins.*

*Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("The error of this argument is its assumption that a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action. Instead, the propriety of removal is judged on the complaint as it stands at the time of the removal.").

In another analogous case, this Court examined a plaintiff's amendment seeking to dismiss a federal claim in conjunction with a motion to remand the case, with only state law claims, back to state court. *See Gomez v. Chi St. Joseph's Children*, No. CV 16-1079 WJ/KBM, 2017 WL 3588665, at *2 (D.N.M. Jan. 12, 2017). The court dismissed the defendants' argument that plaintiff's amendment would prejudice defendants because of the posture of the case, since the lawsuit was still in its initial stages with the scheduling deadlines stayed pending the ruling on the motion to amend and remand. *Id.* The court ultimately allowed Plaintiff to amend the complaint given the posture of the case along with Plaintiff's reassurance that her motive was tactical rather than a means of defeating jurisdiction. *Id.* While Defendants make reference to analogous arguments regarding Plaintiff's motivation in amending her Complaint, they do not actually oppose Plaintiff's motion to amend. In light of the liberal review of motions to amend under Rule 15(a) and Defendants' non-opposition to the amendment, the Court leans toward granting amendment so long as there is no overriding showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Given Plaintiff's assertion that the sole federal claim, which comprises only one phrase within one of her six claims, was inadvertently left in the Complaint after the complaint was amended to join the individual defendants in state court, there does not appear to be any overriding factor lending to the denial of the motion to amend. Moreover, as in *Gomez*, the Court

sees no reason to prohibit Plaintiff from amending her Complaint at this initial juncture of the case, since this case has had even less activity with only an initial scheduling order being entered and subsequently vacated pending resolution of this motion. Therefore, the Court grants Plaintiff's motion to amend.

> II. **The Court will decline exercise supplemental jurisdiction over Plaintiff's remaining state claims.**

The inquiry does not end with the granting of Plaintiff's amendment to her Complaint. Plaintiff also requests that the Court remand the case to state court, because Plaintiff no longer has any federal claims for purposes of the Court's original jurisdiction under 28 U.S.C. § 1331. Defendants object to remanding the case and instead request that the Court exercise supplemental jurisdiction under 28 U.S.C. § 1367.

A plaintiff is the "master" of a claim such that she may craft it in such a way that avoids federal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). As discussed previously, Plaintiff's dismissal of her federal claim does not automatically divest this Court of jurisdiction. "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c). Therefore, the question becomes whether the Court should use its discretion to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

The Court considers "judicial economy, convenience, and fairness to litigants" when analyzing whether it should retain supplemental jurisdiction over state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). If these factors are lacking, the federal court should hesitate to exercise jurisdiction over those claims. *Id.* Along with these and the factors set forward under 28 U.S.C. § 1367(c) for declining supplemental jurisdiction, the Court

6

also considers "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Defendants urge the Court to exercise supplemental jurisdiction, because Plaintiff has attempted to manipulate the forum by voluntarily dismissing her federal claim. (Doc. 7 at 4-6). Defendants also argue that the Court's exercise of supplemental jurisdiction would further the interest of judicial economy, because Defendants have "devoted time to preparing the Joint Status Report as ordered by the Court." (*Id.* at 5). However, in reviewing the state court record and comparing the proceedings to the instant federal action, it is clear that much more substantial activity has occurred in the state court. Plaintiff's original complaint was filed in state court nearly two years ago, on October 19, 2016. (Doc. 1-1). The parties engaged in discovery for nearly a year in that case when Defendant Los Lunas Public Schools filed its Motion for Partial Summary Judgment. (Doc. 6-1 at 20-30, 31-70). After a hearing was held and the Court ruled on the Motion for Partial Summary Judgment and streamlined Plaintiff's claims, (Doc. 6-2 at 70-71), Plaintiff amended her complaint to add the individual defendants, Robert Ferreya and Melissa Moore. While Plaintiff's amended complaint did include a reference to "due process of law and her right to equal protection of law in violation of the New Mexico and United States Constitutions," (Doc. 1-1 at 2), the Court's analysis of the nature of Plaintiff's claims is that the majority of her claims are solely matters of state law.

In other words, Plaintiff has brought state law claims solely involving state actors,[1] and whether intentionally or unintentionally, included a federal claim under Count I of her Amended Complaint. Plaintiff's federal claim against Defendant Los Lunas Public Schools was dismissed. Plaintiff now voluntarily intends to dismiss her only remaining federal claim against the individual defendants by amending her complaint to omit the phrase "the United States Constitution" from the complaint. The nature of her remaining claims revolves around state law. Plaintiff's purported reason for amending the complaint is that she made a clerical error by not omitting the federal claim. While manipulating the forum is not a legitimate purpose for amending a complaint, Plaintiff's minimal reliance on a federal claim and her stated purpose for amendment lend the Court to believe that the purpose of amendment was to remedy such a scrivener's error, and remand under these circumstances is therefore proper. *See Schillinger v. Union Pacific R. Co.*, 425 F.3d 330, 333 (7th Cir.) (deferring to district court's determination that amendment of complaint was a clerical error, and finding that the "case should not come to federal court if the only ground for jurisdiction is a clerical error, however careless").

Moreover, the interests of judicial economy, convenience, and fairness to the litigants applied to this case lean in favor of remanding the case to state court. This is particularly true in light of *Carnegie-Mellon Univ.*, 484 U.S. at 350, which directs federal district courts to decline to exercise supplemental jurisdiction and dismiss the case without prejudice, if all federal claims are dismissed in the early stages of the case and only state-law claims remain. Here, the state court had control over this case for over a year while the parties conducted discovery and

---

[1] Plaintiff's claims against the individual defendants are brought against them in their individual and official capacities. Defendants are correct that Plaintiff's argument in the state court briefing apparently unwittingly admits that she intended to bring a constitutional claim against the individual defendants and the retention of that claim was not a clerical error, as she claims. (Doc. 6-2 at 76-77). However, even if Plaintiff originally intended to bring federal constitutional claims against the individual defendants, Plaintiff has since made the decision to dismiss those claims, and because the federal constitutional claim only consisted of a fragment within Count I of the Complaint, the Court considers it reasonable for Plaintiff to make that determination as to which claims on which she chooses to rely and which she chooses to dismiss.

engaged in motions practice, and it made a dispositive ruling over some of Plaintiff's claims, while the federal court only had this case for less than a month before Plaintiff filed her Motion to Amend and Motion to Remand. Defendants' complaint that they have expended energy in preparing the Joint Status Report in preparation for the Rule 16 Initial Scheduling Conference is insubstantial in comparison to the posture of the state court case and in consideration of the fact that the parties agreed to vacate the scheduling conference well before the deadline to submit the Joint Status Report. *See* Doc. 4 (setting Joint Status Report submission deadline for May 8, 2018) *and* Doc. 12 (in which Plaintiff filed an Unopposed Motion to Vacate Initial Scheduling Order on April 25, 2018, the day the parties were set to "meet and confer" per the Initial Scheduling Order).

In sum, the Court first grants Plaintiff's Motion to Amend her Complaint in light of Defendants' non-oppositional position to the motion and the factors considered under Rule 15(a)'s principle that such amendments should be freely granted weighing in favor of Plaintiff. Next, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims, because the Court finds that remanding at this early stage of the case is appropriate, especially given the minor role that the federal constitutional claim had in the case overall.

WHEREFORE, IT IS ORDERED THAT:

(1) Plaintiff's Motion to Amend her Complaint is GRANTED. Plaintiff is directed to file the Second Amended Complaint for Personal Injury attached to her Motion to Amend Complaint and Motion to Remand (Doc. 5 at 15-21);

(2) Once Plaintiff has filed her amended complaint, the Court finds that Plaintiff's Motion to Remand is well-taken and is GRANTED; and

(3) After Plaintiff files her amended complaint, the Court will dismiss the case without prejudice.

IT IS SO ORDERED.

                                                                                                                                              UNITED STATED DISTRICT COURT JUDGE